HALL, Judge.
Shellie M. Stewart, plaintiff in rule, and Hal V. Lyons, defendant in rule and inter-venor, each appealed from a judgment of the district court (1) setting aside a seizure and sheriff’s sale of a mobile home, recognizing Lyons as the owner thereof, and placing him in possession thereof; (2) rejecting Mrs. Stewart’s demands for damages and attorney’s fees for alleged wrongful issuance of a temporary restraining order and for alleged interference with her right to possession; and (3) rejecting Lyons’ demands for damages and attorney’s fees for alleged wrongful seizure and sale of the mobile home.

THE FACTS

Lyons, an attorney, had represented John W. Stewart in separation proceedings between the Stewarts. Mr. Stewart had purchased a mobile home and the lot on which it was situated at a public sale held to effect a partition of the community property. On June 3, 1974, Mr. Stewart conveyed the *339 mobile home and lot, together with another lot, to Lyons in payment of his fee for professional services rendered. Shortly thereafter, Lyons applied to the Department of Public Safety, Motor Vehicle Division, for transfer of title. The new title certificate was issued by the Department September 20, 1974.
On August 26, 1974, Mrs. Stewart obtained a judgment against Mr. Stewart, who had left the state and was no longer represented by Lyons, for past due alimony in the amount of $963.00. On August 28, she caused a writ of fieri facias to issue ordering the Sheriff of Caddo Parish to seize and sell the mobile home registered in the name of John W. Stewart. The mobile home was seized by the sheriff on September 6, and in due course, after advertisement, the mobile home was sold at sheriff’s sale on October 2. Mrs. Stewart purchased the mobile home at the public sale and was issued a judicial bill of sale the same date. Mrs. Stewart had no actual knowledge of the sale to Lyons and acted in a good faith belief the mobile home belonged to Mr. Stewart.
On October 11, Mrs. Stewart hired a mover to move the mobile home. As he was doing so, a neighbor noticed the activity and called Lyons. Lyons notified the sheriff’s office of his ownership of the mobile home and the mover was stopped.
Mrs. Stewart then filed a rule directed to the sheriff and to Lyons ordering them to show cause why she should not be awarded possession of the mobile home and why the sheriff should not be ordered to seize and deliver possession of the vehicle to her pursuant to LSA-C.C.P. Art. 2501.
Lyons filed a petition of intervention seeking to have the seizure and sale set aside, recognition of his ownership and right to possession, damages for unlawful seizure and sale, and a temporary restraining order restraining the sheriff from disposing of the mobile home. The restraining order was issued.
Mrs. Stewart answered the petition and later excepted to the petition of intervention as untimely under LSA-C.C.P. Art. 1092. She subsequently filed a “motion to dissolve bond”, actually a motion to disolve the temporary restraining order, also seeking damages for wrongful issuance thereof under LSA-C.C.P. Art. 3608.
All issues presented by the various pleadings were tried, resulting in the judgment described at the beginning of this opinion, from which both parties appealed.

THE ISSUES

The issues raised on appeal are: (1) ownership of the mobile home; (2) Mrs. Stewart’s entitlement to damages and attorney’s fees; and (3) Lyons’ entitlement to damages and attorney’s fees.

OWNERSHIP OF THE MOBILE HOME

Mrs. Stewart contends she is the owner of the mobile home by reason of having purchased it at sheriff’s sale on October 2, and that her ownership is retroactive to September 6, the date the vehicle was seized under the writ of fieri facias. She contends that under the Vehicle Certificate of Title Law, LSA-R.S. 32:701 et seq., and the public records doctrine, the sale of the vehicle by Mr. Stewart to Lyons was not effective against third parties until registered in the name of the purchaser, which did not occur until September 20.
Mrs. Stewart did not acquire at the sheriff’s sale any greater title than held by Mr. Stewart. He had previously, on June 3, sold the mobile home to Lyons. The sale to Lyons was perfected on that date with the concurrence of the thing sold, the price and the consent. Proper application for transfer of title was made with the Motor Vehicle Division, long prior to the seizure and sale under the writ of fieri fa-cias. Mrs. Stewart did not rely on the certificate of title issued to Stewart and proper inquiry to the Motor Vehicle Division *340 would have revealed the pending application for transfer.
Mrs. Stewart argues Lyons’ intervention and claim of ownership came too late and should have been asserted prior to the judicial sale under LSA-C.C. P. Art. 1092. Article 1092 is permissive and provides for injunctive relief where one claiming ownership intervenes prior to the judicial sale. The article does not have the effect of preventing an owner who has no knowledge that his property has been seized and sold from subsequently asserting his ownership in a judicial proceeding.
Lyons is the owner of the mobile home and is entitled to possession thereof.

MRS. STEWART’S CLAIM FOR DAMAGES

Lyons was entitled to assert and protect his rights of ownership and possession of the mobile home. The temporary restraining order was not wrongfully issued. Mrs. Stewart is not entitled to damages and attorney’s fees under LSA-C.C.P. Article 3608.

LYONS’ CLAIM FOR DAMAGES

Lyons prayed for damages as follows:
(a) Attorney's fees for Intervention: $500.00
(b) Attorney's fees for Rule to Show Cause $250.00
(c) Loss of two hours working time
at $50.00 per hour $100.00
(d) Twenty-five miles at .15 per mile $ 3.75
TOTAL: $853.75
Lyons cites LSA-C.C.P. Art. 3506 as a basis for awarding damages and attorney’s fees. Article 3506 applies only to dissolution of writs of attachment and sequestration and is not applicable to this case.
During the time the mobile home was under seizure, through the sheriff’s sale, and until Mrs. Stewart attempted to move the vehicle, the trailer was vacant and Lyons was unaware of the seizure and sale. He was not deprived of its use and took no legal steps toward dissolution of the seizure. It follows he did not suffer or incur any damages or attorney’s fees relating to the seizure and sale as such, and is not entitled to recover therefor.
 At the time Lyons filed his petition of intervention, the seizure and sale were completed and the purpose of the litigation between Lyons and Mrs. Stewart was to establish title or determine ownership, not to dissolve an illegal seizure. There is no authority, statutory or otherwise, for awarding attorney’s fees incurred in the course of an action to declare ownership between two competing claimants to title.
In addition to attorney’s fees, Lyons prayed for damages for loss of two hours working time. Although he did spend some time in preventing the moving of the mobile home, it was not established that he lost any business or profit by reason of his time away from the office. This item of damage was not proved.
In brief, Lyons argues his entitlement to general damages for mental anguish, inconvenience and the like. General damages were not alleged or prayed for and cannot be awarded.
For the reasons assigned, the judgment of the district court is affirmed. The costs of appeal are assessed one-half to each appellant.
Affirmed.